MHN

FILED

OCT 1 9 2010 NF

10-19-2010

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LORILLARD TOBACCO COMPANY, a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| BROTHERS 5 INC. d/b/a BROTHERS 5 FOOD & LIQUOR; ANNA'S J. FOOD & LIQUORS, INC. d/b/a ANNA'S FOOD & LIQUOR; SHUGAN ENTERPRISES d/b/a PRESTIGE LIQUORS, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

10cv6742
Judge  Blanche M. Manning
Magistrate Geraldine Soat Brown

<u>JURY DEMANDED</u>

**[FILED UNDER SEAL]**

**<u>COMPLAINT</u>**

Plaintiff Lorillard Tobacco Company ("Lorillard") complains of Defendants Brothers 5 Inc., d/b/a Brothers 5 Food & Liquor; Anna's J. Food & Liquors, Inc., d/b/a Anna's Food & Liquor; Shugan Enterprises, d/b/a Prestige Liquors:

**<u>THE PARTIES</u>**

1.      Plaintiff Lorillard Tobacco Company is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 714 Green Valley Road, Greensboro, North Carolina.

2.      Upon information and belief, Brothers 5 Inc., d/b/a Brothers 5 Food & Liquor. is an Illinois Corporation believed to be doing business at 3034 West Roosevelt Road South, Chicago, Illinois; Anna's J. Food & Liquors, Inc., d/b/a Anna's Food & Liquor is an Illinois business believed to be doing business at 1303 South Kedzie; and

Shugan Enterprises, d/b/a Prestige Liquors is an Illinois business believed to be doing business at 2008 West 63rd Street, Chicago, Illinois. These Defendants have sold and offered for sale within this District counterfeit cigarettes that infringe Lorillard's registered trademarks. On further information and belief, Defendants are either commonly owned and controlled, or controlled by members of the same family.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1338(a), 1338(b), and 15 U.S.C. § 1121, as it involves substantial claims arising under the United States Trademark Act of 1946, commonly known as the Lanham Act, 15 U.S.C. § 1051 *et seq.*, together with related claims under state law. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121, and has subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b), and since these claims are joined with substantial and related claims under the Trademark Laws of the United States.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) (1) and (b) (2) in that, among other things, a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district. Venue properly lies within the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and (c) as these causes of action arise based upon information and belief, as a result of the Defendant's doing and transacting business in this district, or offering to sell its products or making its products available or by promoting the infringing mark to prospective purchasers within this district, and marketing its services and products to prospective purchasers within this District.

2

5.     This Court has personal jurisdiction over Defendants, which are located in and/or conducts business within the State of Illinois.

## NATURE OF ACTION

6.     This is an action for counterfeiting and infringement of registered trademarks in violation of the Trademark Act of 1946, 15 U.S.C. § 1114(1); the use of false designations of origin and false and misleading descriptions and representations in violation of the Trademark Act of 1946, 15 U.S.C. § 1125(a); dilution in violation of the Trademark Act of 1946, 15 U.S.C., § 1125(c); dilution in violation of 765 ILCS 1036/65; deceptive trade practice in violation of the common law of the State of Illinois; and statutory unfair competition in violation of 765 ILCS 510/2 *et seq.*

## FACTS

7.     Lorillard is the fourth largest tobacco company in the United States, manufacturing and selling top quality branded cigarettes. All of Lorillard's cigarettes are manufactured in accordance with strict quality control standards, enabling Lorillard to establish and maintain, over many years, a reputation among smokers for quality and consistency.

8.     Lorillard's leading brand is NEWPORT®, which was first introduced to the market in 1956. Since then, Lorillard has invested substantial time, effort and money in advertising and promoting cigarettes under the NEWPORT® mark throughout the United States. As a result of Lorillard's excellent reputation and investment in its brands, NEWPORT® cigarettes have become the leading brand of menthol cigarettes sold in the United States, and the second leading cigarette brand overall, with approximately eight percent of the national market. The NEWPORT® mark has come to represent an extremely valuable asset belonging exclusively to Lorillard.

3

9.     To protect its company reputation and product investments, Lorillard has filed for and obtained federal trademark registrations for its significant trademarks. Specifically, Lorillard and its affiliates have obtained federal registrations for the marks NEWPORT® (stylized) (Reg. No. 2,600,870), Spinnaker Design® (Reg. No. 1,178,413), Design Only® (Reg. No. 3,618,542), LORILLARD® (Reg. No. 1,920,066), Lorillard® (stylized) (Reg. No. 0,707,998), Newport Box with Striations® (Reg. No. 3,759,763), Newport Menthol Box® (Reg. No. 3,601,464), and NEWPORT® (Reg. No. 1,108,876). Copies of the United States Patent and Trademark Office records of registration for these marks are attached as Exhibits A-H, respectively to the Declaration of Victor Lindsley, and together they are referred to herein as the "Lorillard Marks." Lorillard has the exclusive right to use the Lorillard Marks in connection with any importation, sale, offer to sell, or distribution of cigarettes in the United States. Lorillard's manner of use of the Lorillard Marks can be seen from the images of the front and side of the genuine sample NEWPORT® cigarette pack, appearing in Exhibits 1 and 2, respectively, attached to this Complaint.

10.     The Lorillard Marks have become famous.

11.     Upon information and belief, Defendants have been aware, since prior to the acts complained of herein, of the vast goodwill represented and symbolized in the Lorillard Marks and of the public recognition and reliance upon the Lorillard Marks as identifying authentic products of Lorillard and distinguishing Lorillard's products from the products of others.

12.     Notwithstanding its aforesaid knowledge, upon information and belief, Defendants recently set upon a course of conduct to misappropriate the Lorillard Marks

4

and goodwill associated with them. Over the past several years, the federal government and the State of Illinois have substantially increased taxes on cigarette sales. With these high tax levels, bootleggers can price counterfeit cigarettes below prevailing market prices and can pocket not only the profit on the cigarettes themselves but also a substantial portion of what would otherwise be owed to the government in taxes. To that end, an increasing number of counterfeit cigarettes have been imported into the United States and distributed in interstate commerce, all in violation of federal and state laws and in contravention of Lorillard's trademark rights.

13.     Upon information and belief, Defendants are offering for sale and selling counterfeit products bearing the Lorillard Marks, with the intent to confuse and mislead the public into believing that Defendants' products are genuine Lorillard products or have been sponsored or approved by Lorillard. In fact, Defendants' counterfeit products have not been manufactured, packaged, approved, or sold by Lorillard. Scanned images depicting the use of the Lorillard Marks on the counterfeit cigarettes sold by Defendants can be seen in Exhibit 2 of the Declaration of Ed O'Brien and in the scanned images appearing on the right side of each of Exhibits 1 and 2 attached to this Complaint. Such actions of Defendants constitute the counterfeiting and infringement of the Lorillard Marks.

14.     Lorillard has been damaged and is likely to be further damaged by Defendants' wrongful use of the Lorillard Marks in that the purchasing public is likely to be induced into purchasing Defendants' goods in the erroneous belief that they are Lorillard's authentic goods or that Defendants' goods are endorsed, sponsored, or approved by Lorillard, which they are not.

5

15.     Defendants have profited from its wrongful conduct by selling cigarettes to persons in the United States who otherwise would have bought genuine NEWPORT® brand cigarettes manufactured by Lorillard.

## CLAIMS FOR RELIEF

## COUNT I

### TRADEMARK COUNTERFEITING AND INFRINGEMENT
### (15 U.S.C. §1114(1))

16.     Lorillard repeats and realleges paragraphs 1 through 15 as if fully set forth herein.

17.     The Lorillard Marks are fanciful and arbitrary, and are associated in the minds of the public and consumers with Lorillard.

18.     Defendants have used the Lorillard Marks on Defendants' cigarettes without the approval or consent of Lorillard.

19.     Defendants' use of counterfeit symbols, logos, likenesses, and images is likely to cause confusion in the minds of the public, leading the public to believe that Defendants' cigarettes emanate or originate from Lorillard and/or that Lorillard has approved, sponsored or otherwise associated itself with Defendants' cigarettes, which is false.

20.     Defendants' conduct is intended to exploit the goodwill and reputation associated with the Lorillard Marks and to take a competitive advantage without expenditure of resources, by a strategy of, on information and belief, willful infringement.

21.     Lorillard has no control over the quality of the cigarettes sold by Defendants. Because of the likelihood of confusion as to the source of Defendants' products, Lorillard's valuable goodwill in its trademarks is at the mercy of Defendants.

6

22.    Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Lorillard.

23.    Lorillard has no adequate remedy at law.

24.    As a result of Defendants' actions, Lorillard has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT II

### UNFAIR COMPETITION AND FALSE DESIGNATIONS OF ORIGIN AND FALSE AND MISLEADING REPRESENTATIONS (15 U.S.C. §1125(a))

25.    Lorillard repeats and realleges paragraphs 1 through 15 and 17 through 24 as if set forth herein.

26.    The aforesaid acts of Defendants constitute the use in commerce in connection with the Defendants' goods of symbols and devices and of false designations of origin and false or misleading descriptions and representations in violation of 15 U.S.C. § 1125(a).

27.    Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Lorillard.

28.    Lorillard has no adequate remedy at law.

29.    As a result of Defendants' actions, Lorillard has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT III

### TRADEMARK DILUTION (15 U.S.C. § 1125(c))

30.    Lorillard repeats and realleges paragraphs 1 through 15, 17 through 24, and 26 through 29 as if set forth herein.

31.     Defendants' aforesaid acts are likely to dilute and tarnish the distinctive quality of the famous Lorillard Marks, in violation of 15 U.S.C. § 1125(c).

32.     On information and belief, Defendants engaged in the aforesaid acts with the intent to trade on Lorillard's reputation or to cause dilution of and tarnish the famous Lorillard Marks.

33.     Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Lorillard.

34.     Lorillard has no adequate remedy at law.

35.     As a result of Defendants' actions, Lorillard has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT IV

### STATE TRADEMARK DILUTION
### (765 ILCS 1036/65)

36.     Lorillard repeats and realleges paragraphs 1 through 16, 17 through 24, 26 through 29, and 31 through 35 as if set forth herein.

37.     The Lorillard Marks have become, and continue to be, famous in the State of Illinois.

38.     Defendants' use of the Lorillard Marks in connection with the sale of Defendants' counterfeit cigarettes began after the Lorillard Marks became famous.

39.     Plaintiff can exercise no control over the quality of the cigarettes in connection with which Defendants uses the Lorillard Marks and hence there is a likelihood of injury to Plaintiff's business reputation and of dilution of and tarnishing the distinctive quality of Plaintiff's famous mark in violation of 765 ILCS 1036/65.

40.     Defendants' acts alleged herein have caused and, unless restrained and

8

enjoined by this Court, will continue to cause irreparable injury to Lorillard for which Lorillard is without an adequate remedy at law.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

41.     Lorillard repeats and realleges paragraphs 1 through 15, 17 through 24, 26 through 29, 31 through 35, and 37 through 40 as if set forth herein.

42.     Defendants' use of the Lorillard Marks is being done with the intent to palm off Defendants' counterfeit cigarettes as originating from or having the sponsorship, affiliation or approval of Lorillard in order to trade on the goodwill created by Lorillard in the Lorillard Marks.

43.     Defendants' unauthorized use constitutes the common law tort of unfair competition.

44.     The aforesaid acts of Defendants constitute the sale and passing off of its products as Lorillard's products, infringement, imitation, and misappropriation of Lorillard's trademarks, unjust enrichment, and unfair competition with Lorillard in violation of Lorillard's rights at common law.

45.     Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Lorillard.

46.     Lorillard has no adequate remedy at law.

47.     Upon information and belief,  Defendants' conduct was oppressive, fraudulent, and malicious, entitling Lorillard to an award of punitive damages.

## COUNT VI

## STATUTORY DECEPTIVE TRADE PRACTICE

9

**(815 ILCS 510/2 *et. seq.*)**

48. Lorillard repeats and realleges paragraphs 1 through 15, 17 through 24, 26 through 29, 31 through 35, 37 through 40, and 42 through 47 as if set forth herein.

49. Defendants' use of the Lorillard Marks on cigarettes constitutes a deceptive trade practice in violation of 815 ILCS 510/2 *et seq.* insofar as it:

        (a)     passes off the Defendants' products as that of Lorillard;

        (b)     causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of Defendants' goods;

        (c)     causes a likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by Lorillard;

        (d)     represents that Defendants' goods have sponsorship or approval that they do not have.

50. Defendants' acts as stated above, constitute deceptive business practices in that as alleged previously, those acts in trade and commerce use and employ practices set out in Section 2 of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and/or constitute the use and/or employment of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression and/or omission of a material fact, with an intent that others rely upon the concealment, suppression or omission of such material fact.

51. Upon information and belief, Defendants have willfully engaged in the deceptive trade practices.

52. Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to Lorillard.

10

53.     Lorillard has no adequate remedy at law.

54.     Defendants' statutory violations and other wrongful acts have injured and threaten to continue to injure Lorillard, including loss of customers, dilution of goodwill, confusion of existing and potential customers, injury to its reputation, and diminution in the value of its trademarks.

55.     Defendants have realized revenue and profits by virtue of its wrongful acts that it otherwise would not have obtained and to which he is not entitled.

56.     Lorillard has also been injured and will continue to incur attorneys' fees and costs in bringing the present action.

57.     Lorillard has no remedy at law for the wrongful actions of Defendants.

**WHEREFORE,** Plaintiff Lorillard prays for judgment against Defendants as follows:

1.      That Defendants and its agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, or any of their successors or assigns, be preliminarily and permanently enjoined and restrained from directly or indirectly:

a.      using the Lorillard Marks, or any reproduction, counterfeit, copy, or colorable imitation of said marks, in connection with the importation, sale, offer for sale, or distribution of cigarettes that are not genuine Lorillard cigarettes;

b.      using the Lorillard Marks, or any reproduction, counterfeit, copy, or colorable imitation of the same, in any manner likely to cause others to believe

that Defendants' products are connected with Lorillard or are genuine Lorillard products;

   c.  passing off, inducing, or enabling others to sell or pass off any merchandise which is not genuine Lorillard merchandise as genuine Lorillard merchandise;

   d.  making any false or misleading statements regarding Lorillard or its goods, or the relationship between Lorillard and Defendants;

   e.  committing any other acts calculated to cause purchasers to believe that Defendants' products are genuine Lorillard products;

   f.  shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving or disposing of in any manner such cigarettes or packaging falsely bearing one or more of the Lorillard Marks or any reproduction, counterfeit, copy, or colorable imitation of the same; and

   g.  assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f).

   2.  That Defendants and any and all persons controlled by or acting in concert with Defendant be required to deliver to Lorillard for destruction all goods, packages, and any other written or printed materials that bear or depict the Lorillard Marks, or any reproduction, counterfeit, copy, or colorable imitation of the same, or anything other than genuine Lorillard cigarettes, or that are otherwise in violation of this Court's order issued pursuant hereto, and all means for making the same.

3.      That Defendants be required to account to Lorillard for Defendants' profits from the sale of counterfeit and infringing cigarettes and for such sum in addition thereto as the Court shall find just.

4.      That this case be found exceptional and Lorillard awarded its attorneys fees pursuant to 15 U.S.C. § 1117(a).

5.      That Lorillard recover the damages arising out of Defendants' wrongful acts in a sum equal to three times the actual damages suffered by Lorillard, as provided in 15 U.S.C. § 1117(b).

6.      That Lorillard be awarded statutory damages in lieu of actual damages, as provided in 15 U.S.C. § 1117(c).

7.      That Defendants be required to disgorge its profits and other ill-gotten gains.

8.      That Lorillard have and recover taxable costs of this action, including reasonable attorney's fees and interest.

9.      That Lorillard be awarded punitive damages in view of Defendants' wanton and deliberate illegal acts committed with oppression, fraud, or malice.

10.     That Defendants be ordered to file with the Court and serve upon Lorillard, within thirty (30) days after the service of the injunction upon Defendants, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment entered pursuant to this Complaint.

11.     That Lorillard  be awarded  such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Lorillard demands a jury trial on all issues triable by a jury.

Herbert H. Finn
David A. Wheeler
Cameron M. Nelson
Attorneys for Plaintiff
Lorillard Tobacco Company

GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
(312) 456-8400
(312) 456-8435 (fax)

Dated: October 19, 2010

14

# EXHIBIT 1



# EXHIBIT 2

